IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARISOL BÁRZANA SANTIAGO,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ABBVIE CORP., ABC INSURANCE CO., INC.,**<br><br>**Defendants.** | **CIVIL NO. 26-**<br><br>**AGE DISCRIMINATION DAMAGES**<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Marisol Bárzana Santiago ("Ms. Bárzana"), through the undersigned attorneys, and very respectfully alleges, states and prays:

**I. NATURE OF THE ACTION AND JURISDICTION**

1. This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Puerto Rico's Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*, ("Law No. 100"), seeking compensatory, double and liquidated damages and equitable and injunctive relief to seek redress for defendants' discrimination on the basis of age against Ms. Bárzana.

2. This court has jurisdiction to entertain this action pursuant to Section 7 of the ADEA, 29 U.S.C. § 626(c)(1), and under 28 U.S.C. §§ 1331 and 1343(a)(4). Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. § 1367(a) to hear the Commonwealth of Puerto Rico law claims because these are so related to the other claims as to which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1) and (2), because the defendants reside in Puerto Rico and all the discriminatory employment practices alleged were committed within the judicial district comprising the Commonwealth of Puerto Rico.

4. Ms. Bárzana filed a timely charge of age-based employment discrimination with the Anti-Discrimination Unit of the Department of Labor ("ADU") and the EEOC on September 2, 2025, charge no. uadau25-239C/16H202500332. After more than sixty (60) days had elapsed since the charge was filed, Ms. Bárzana requested that the ADU on November 4, 2025, to issue the corresponding Notice of Right to Sue.

5. The ADU acknowledged said request but the Notice of Right to Sue has yet to be issued.

## II. THE PARTIES

6. Ms. Bárzana is a citizen of the United States and a resident of San Juan, Puerto Rico, who has been working for AbbVie Corp. for more than thirty-one (31) years, since AbbVie Corp. became the successor employer of Abbot Laboratories P.R. Inc.

7. Ms. Bárzana was born on November 30, 1964.

8. At all relevant times, Ms. Bárzana was an employee under the provisions of ADEA, 29 U.S.C. § 630 (f), and is within the protected class under ADEA, 29 U.S.C. § 631(a).

9. Ms. Bárzana is an employee under all of the federal and local statutes upon which she bases her request for relief.

10. Co-defendant AbbVie Corp. ("AbbVie" or "the Company") is, and at all times hereinafter mentioned was, a corporation duly created under the Laws of and with its principal place of business in the Commonwealth of Puerto Rico.

11. AbbVie is a for profit corporation registered with the Commonwealth of Puerto Rico Department of State.

12. At all times relevant herein, AbbVie has been Ms. Bárzana's employer.

13. AbbVie is a "person" within the meaning of 29 U.S.C. § 630(a).

14. AbbVie is an "employer" under the ADEA, 29 U.S.C. § 630(b).

15. AbbVie is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630(h).

16. AbbVie employs more than twenty (20) employees on a daily basis as the term is defined in 29 U.S.C. § 630(b).

17. AbbVie is an "employer" under Puerto Rico Law No. 100.

18. ABC Insurance Co. Inc., is upon information and belief the insurance carrier for the Company, which insures the Company for the claims asserted herein.

19. Under Puerto Rico law, the insurance carrier for the Defendant is responsible for any covered claims made by Ms. Bárzana, up to the limits of the coverage.

20. Because Ms. Bárzana is permitted by law to file a direct claim against the insurance carrier of the Defendant, such claim is presented herewith.

21. Once the identity of such Company is disclosed, Ms. Bárzana will move the Court to substitute the named insurance company co-defendant with its real name.

### III. THE FACTS

18. Ms. Bárzana repeats and incorporates by reference each and every preceding allegation as if fully set forth herein.

19. Ms. Bárzana was born on November 30, 1964, and is within the protected class under the ADEA.

20. Ms. Bárzana obtained a Bachelor of Sciences degree with a specialty in Nutrition and Dietetics from the Río Piedras Campus of the University of Puerto Rico in 1989.

3

21. Ms. Bárzana commenced working for AbbVie in April of 1994.

22. In September 2024, she obtained a Master's Degree in Data Science.

23. AbbVie uses a grade system to classify its employment positions. The positions are classified by grade numbers.

24. Throughout her 31 years of service at AbbVie, Ms. Bárzana has carried out the duties of several positions and has been promoted on the basis of her performance, professionalism and initiatives.

25. From April of 1994 until December of 2001, Ms. Bárzana promoted the Company's products as a Sales Representative in several therapeutic areas.

26. In December of 2001, Ms. Bárzana was promoted to District Sales Manager and performed the duties of the position until October of 2015.

27. Within her tenure as District Sales Manager, Ms. Bárzana occupied the position of Business Unit Manager where she managed the Cardiovascular Marketing Portfolio for Trilipix, Tricor and Tarka. Trilipix and Tricor are medications to Dyslipidemia's treatment and Tarka for High Blood Pressure's control, then all can be classified under Cardiovascular Treatment.

28. As a District Sales Manager, Ms. Bárzana was in charge of supervising a team of Sales Representatives of approximately ten subordinates on the average.

29. The Sales Representatives under Ms. Bárzana's supervision promoted products in different portfolios, including cardiovascular, gastrointestinal, AI (Anti-Infective) and metabolic across Puerto Rico.

30. From November 2015 through December 2016, Ms. Bárzana held the position of Product Manager.

31. As Product Manager, she developed and monitored the 2017 Financial and Strategic Plan for Synthroid, Creon and Zinbryta. Synthroid is used to treat hypothyroidism, Creon to treat Exocrine Pancreatic Insufficiency and Zinbryta to treat Multiple Sclerosis .

32. From December 2016 to the present, Ms. Bárzana has been performing the duties of SFE Specialist (Sales Force Effectiveness), then the name changed to IFT Specialist (In Field Team), and actually she is IFT Sr. Specialist. These different titles represent the same work but with different names. She became Sr. in 2024 when she was reclassified without any increase in salary.

33. Throughout her tenure, Ms. Bárzana has never been reprimanded.

34. Throughout her tenure, Ms. Bárzana's performance has never been questioned.

35. Despite Ms. Bárzana's performance and excellent disciplinary record, all her efforts to secure better advanced positions at AbbVie have been hindered by management and she has been denied promotions due to her age.

36. In her work experience at AbbVie, Ms. Bárzana has become aware of the existence of an institutional pattern of age discrimination.

37. When it comes to the promotions and hiring of managerial personnel, in the case of Ms. Barzana, when she has applied to any particular position, AbbVie has failed to consider her because she is the oldest and most senior applicant for those positions.

38. This has been the case each time Ms. Bárzana, fully qualified to be promoted, has been requested a promotion and has been denied such promotion for younger, less qualified candidates.

39. For example, in November of 2023, AbbVie announced the position of Senior Analyst Manager. Ms. Bárzana was interviewed by HR, Inés Hernández on the 27th of November.

40. According to AbbVie's system, the Senior Analyst Manager was grade 16 in the Company's classification system.

41. Despite her timely application, Ms. Bárzana, however, was not interviewed by the hiring manager, Kenneth Bruton.

42. In January 2024 she received the notification that the position will not filled. According to Mr. Kenneth Bruton, in January 2024 AbbVie would reclassify her IFT (In-Field Team) Specialist position from Grade 15 to Grade 16 as IFT Sr. Specialist. Mr. Bruton did not inform Ms. Bárzana that she would not receive any increment in salary through this reclassification, despite her alleged promotion to Grade 16.

43. Upon information and belief, there is no Grade 16 level to her position. Mr. Bruton had notified Ms. Bárzana on February 26 of 2021, during 2020 Annual Performance Discussion-PEX), that her position could not achieve a Grade 16 level.

44. AbbVie reclassified Ms. Bárzana from a Grade 15 to a Grade 16.

45. Notwithstanding such reclassification to a Grade 16, Ms. Bárzana did not receive any salary increase due to that reclassification and PEX increase that year, Mr. Kennet told her that she needed to wait up to the next year evaluation (performance of 2024 which is discussed on 2025) to have salary increase. This reclassification without any increase also impacted her 2024 annual bonus, because the bonus is a percentage of the salary.

46. Other employees who were substantially younger than Ms. Bárzana and were also reclassified, received an increase in salary as a result of the change in grade scale.

47. In December 2024, AbbVie posted the position of Marketing Manager in Specialty Division.

48. Later that month, specifically on December 20, 2024, Ms. Bárzana received a telephone call from Ms. Wanda Borges, Specialty Business Unit Manager. During the telephone conversation, Ms. Borges asked Ms. Bárzana if she was interested was interested in growing within the Company, because they were interested in persons that wanted to grow in the Company. She then informed Ms. Bárzana if she was interested in the Lupron or Synthroid Marketing Manager position. Ms. Bárzana told her she was interested in any of those positions. By this time, Ms. Borges was aware that Ms. Bárzana had unsuccessfully attempted through the years to seek promotions at higher levels of responsibility with a corresponding pay increase, and was also aware about her work trajectory at AbbVie, and her performance, and Ms. Bárzana was astonished that she would be questioning her interest to grow despite all her efforts to do so, which were hindered by AbbVie. Ms. Bárzana commented that if she was not interested to growth, she would not have recently completed her master's degree in data science. Ms. Bárzana told Ms. Borges all the education she had accomplished in her resumé, which made her an excellent candidate for those positions.

49. During this conversation Ms. Borges also asked Ms. Bárzana how much time was left for her to retire and asked her to provide a copy of her resumé.

50. By the posting of the Marketing Manager position, Ms. Bárzana had over fifteen (15) years of satisfactory experience as District Manager, Business Unit Manager and had experience as a Product Manager for Synthroid.

51. On January 9, 2025, Ms. Borges summoned Ms. Bárzana to AbbVie's Cafeteria.

52. At this meeting AbbVie informed Ms. Bárzana through Ms. Borges that she would not be interviewed for the Synthroid Marketing Manager position because she did not appear as a candidate for promotion in the Talent Management Review ("TMR").

53. The TMR is an internal publication at AbbVie where the Senior Managerial Staff provides upper management with their input regarding the prospects for promotion, training and selection of the mid-level supervisory/managerial personnel.

54. Ms. Borges also told Ms. Bárzana that in order to grow within AbbVie she should engage in projects that would provide exposure to the General Manager, Mr. Anthony Wong.

55. On January 10, 2025, in a Customer Excellence organizational announcement meeting, Mr. Kenneth Bruton announced the selection of Maria de Lourdes Flores as the new Synthroid Marketing Manager.

56. Ms. Bárzana was not interviewed for that position by Human Resources, the Hiring Manager, or any other decision maker.

57. Maria de Lourdes Flores was selected above Ms. Bárzana although she had less experience and training in the Pharmaceutical Industry, she began in AbbVie in August 2023 as Market Research Manager, her experience was in consumer (food and beauty: Unilever, Nestlé and Johnson and Johnson). When Customer Excellence announced her promotion, Ms. Flores told her that it was the first time in which she had been promoted in such a short time.

58. On January 13, 2024, in La Fortaleza meeting room, Ms. Borges asked Ms. Barzana her age and whether she thought she could supervise personnel.

59. Maria de Lourdes Flores was at the time of her appointment approximately twenty (20) years younger than Mr. Bárzana.

8

60. Four months later, on May 13, 2025, three (3) positions for District Manager were announced by AbbVie via electronic mail in Rheumatology, Dermatology and Gastroenterology Divisions.

61. Ms. Bárzana applied to all three (3) positions on May 15, 2025.

62. On June 9, 2025, Alyssa Alvarado Rolón of Human Resources interviews Ms. Bárzana and thereafter, three (3) hiring managers, Marimar Soto, Business Unit Manager of Gastro, José Fernández, Business Unit Manager of Rheuma and Charlotte Lopez, Business Unit Manager of Derma interviewed her in a panel format interview.

63. However, <u>prior to her interview</u>, the Company already had selected Genesis Jaramillo for the position of District Manager in Derma, demonstrating that the interviews she was being subjected to were a sham. Ms. Jaramillo's announcement was made to Immunology team via Microsoft Team meeting between 11:00 to 11:30 am on June 9, 2025, Ms. Bázana's interview began same day at 11:30 am.

64. During the interview process, Mr. José Fernández (Rheuma Business Unit Manager - BUM), Ms. Charlotte López (Derm BUM) and Ms. Marimer Soto (Gastro BUM) never told Ms. Bárzana that the DM Derma's position was already filled, that she was only being interviewed for the Gastro and Rheum's District Manager positions.

65. After the interview, in the cafeteria, Ms. Bárzana listened to the comment that before the interview process began, Genesis had been announced to Immunology Team as a new Derma DM.

66. Génesis Jaramillo had less than 40 years of age in January 2025. She had never supervised any employees in her AbbVie's previous positions, and she told Ms. Bárzana that her

experience as supervisor was in Colgate Co., for almost three years, and that this was the first time supervising a Senior team, and that it had been a little challenging.

67. On July 22, 2025, Ms. Bárzana met Rheuma BUM, José Fernández, and Gastro BUM, Marimer Soto, when she was informed, that she had not been selected. Mr. Fernández was told that for the future, she had to learn how to "influence groups". Ms. Bárzana asked whether the panel had examined her performance evaluations as District Manager in the past and they responded in the negative, that they only used the interview to make the selection. Ms. Bárzana asked if they had spoken with her supervisor or her peers, or any of the many current managers previously supervised by Ms. Bárzana. She asked if they had spoken with any of the sales representatives to find about her supervision, and they answered in the negative. She told them that the conclusion that she had to learn to influence groups ran against her fifteen (15) years' experience as District Manager, when she had received many awards for her leadership. The response from Marimar Soto and José Fernández was that they only based their non selection position on the interview.

68. Ángel Pesquera was selected for the District Manager position in Gastro. He was younger than Ms. Bárzana having approximately 50 years of age in January 2025.

69. On July 23, 2025, Angel Pesquera told Ms. Bárzana that he had not applied to the Immunology's District Manager positions during the time any employee could have applied. Mr. Pesquera told Ms. Bárzana that he was not interviewed by the panel. He merely received a one-on-one invitation by the Commercial Director of Immunology, Ahmed Elhadi, at which time he was offered the position and told him to complete a form in which he had to write that he recognized the opportunity given and that he and accepts

10

it.. That meeting between Ahmed Elhadi and Angel Pesquera was held on June 23, 2025, at 3:00 pm.

70. June 17th, 2025, Mr. Elhadi met with General Manager (Mr. Anthony Wong) and Human Resource Manager (Ms. Jeissa Soto) to discuss Immunology DM's list and possible next steps.

71. Sarah Aponte was selected for the District Manager position in Rheuma and was 55 years of age in January 2025.

72. The three employees selected for the positions had less experience, training and education than Ms. Bárzana, but were substantially younger than her.

73. There were irregularities in the selection process for the positions that Ms. Bárzana has applied to since January 2024.

74. On July 21, 2025, Ms. Borges at lunchtime informed her that the company needed people with experience for the position of representatives and that Jennifer (the Specialty's Commercial Director-was looking for younger candidates. This was not the only time that one Specialty's Commercial Director (previous was Lanessa Cintrón Bird), had made that comment about recruiting younger candidates as a similar comment was made in a staff meeting in Montehiedra at the Company's offices at the time.

75. There are other positions to which Ms. Bárzana applied in which the pattern of age discrimination at AbbVie has resulted in unlawful selections, failures to hire and promotions of substantially younger candidates, at the expense of older, better qualified candidates.

76. Defendants' conduct in non-selecting Ms. Bárzana to positions she was qualified to occupy and excluding her from any consideration for advancement, constitutes age discrimination.

77. As a result of defendants' discriminatory and retaliatory conduct, Ms. Bárzana has suffered severe emotional and economic damages.

78. Defendants are jointly and severally liable for all of the damages caused to Ms. Bárzana as a result of the discriminatory and retaliatory conduct related herein.

### IV. FIRST CAUSE OF ACTION (Age Discrimination Under ADEA)

79. Ms. Bárzana repeats and incorporates each and every preceding allegation as if fully set herein.

80. AbbVie's conduct constitutes discrimination against Ms. Bárzana on the basis of age.

81. As a result of AbbVie's discrimination against Ms. Bárzana, she is entitled to the losses in income proximately caused by AbbVie's unlawful conduct, computed from the time of her unlawful non selection.

82. These economic damages cannot be precisely computed at the time, but are in excess of one hundred thousand dollars ($100.000.00).

83. As a result of AbbVie's discrimination against Ms. Bárzana, she is also entitled to injunctive relief in the form of an order to defendants to cease and desist of any further discriminatory treatment against Ms. Bárzana, including her appointment to a Grade 16 or higher position, with an increase in pay.

### V. SECOND CAUSE OF ACTION (Willful Violation Under ADEA)

84. Ms. Bárzana repeats and incorporates each and every preceding allegation as if fully set forth herein.

85. AbbVie's discriminatory practices against Ms. Bárzana were malicious and/or carried out with reckless indifference to her federally protected right to be free from discrimination and retaliation on the basis of age.

86. AbbVie's conduct constitutes a willful violation of the ADEA, and as a result thereof, AbbVie is liable to Ms. Bárzana for liquidated damages equal to twice the amount of her backpay, together with an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

### VI. THIRD CAUSE OF ACTION (Age Discrimination Under Law No. 100)

87. Ms. Bárzana repeats and incorporates each and every preceding allegation as if fully set forth herein.

88. Defendants' conduct constitutes discrimination on the basis of age under Law No. 100.

89. Ms. Bárzana has suffered severe emotional and economic damages as a result of defendants' age discrimination.

90. Defendants are jointly liable to Ms. Bárzana for double the compensatory damages proximately caused to her as a result of their age discrimination against her, together with costs and attorneys' fees.

### VII. DEMAND FOR JURY TRIAL

91. Ms. Bárzana hereby demands that all of her causes of action be tried before a jury.

**WHEREFORE**, all premises considered, Ms. Bárzana prays from this Honorable Court the following relief:

1. An order directing defendants to cease and desist of any further discriminatory conduct on the basis of age against Ms. Bárzana, including her appointment to a Grade 16 position or higher with the corresponding salary increase;

2. Liquidated damages equal to Ms. Bárzana lost income as a result of defendants' discrimination pursuant to the ADEA;

3. Compensatory damages in an amount not less than $500,000.00;

4. An award of double compensatory damages under Law No. 100;

6. An award of reasonable attorneys' fees, together with costs, litigation expenses and necessary disbursements;

7. Prejudgment interests; and

8. Any other remedies which this court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 2nd day of February 2026.

| | |
|---|---|
| **MPV LAW OFFICES** | **GONZÁLEZ MUÑOZ LAW OFFICES, PSC** |
| 382 Escorial Avenue | P.O. Box 9024055 |
| Urb. Caparra Heights | San Juan, PR 00902-4055 |
| San Juan, PR 00918 | Tel. (787) 766-5052 |
| Tel. 787-774-8200 | Fax (787) 766-5551 |
| e-mail: mpv@mpvlawpr.com | e-mail: jgonzalez@gonzalezmunozlaw.com |
| | |
| *S/Manuel Porro-Vizcarra* | *s/Juan Rafael Ms. Bárzana Muñoz* |
| MANUEL PORRO-VIZCARRA | JUAN RAFAEL MS. BÁRZANA MUÑOZ |
| USDCPR No. 207006 | USDCPR No. 202312 |

14